UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| KEVIN L. BOOT, | | |
| | Petitioner, | Case No. C22-678-RSL-SKV |
| v. | | |
| JAMES KEY, | | ORDER DIRECTING PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING |
| | Respondent. | |

This is a federal habeas action filed under 28 U.S.C. § 2254.  Petitioner Kevin Boot, who is under the jurisdiction of the Indeterminate Sentence Review Board ("the Board"), seeks to challenge in this action a 2017 decision of the Board that extended Petitioner's minimum term by 90 months.  See Dkt. 4.  Respondent filed an answer to the petition in which he argues that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d).  See Dkt. 7. Petitioner filed a response to Respondent's answer in which he suggests, though does not explicitly argue, that equitable tolling may be appropriate in this case.  See Dkt. 9.

In particular, Petitioner argues that Respondent's counsel misled him and the Court when counsel asserted in a prior federal habeas action that Petitioner, who had presented a mixed

ORDER DIRECTING PARTIES TO
SUBMIT SUPPLEMENTAL BRIEFING - 1

petition to the Court for consideration, was not time-barred from returning to state court to exhaust his unexhausted claims or from pursuing his claims further in federal court. *See* Dkt. 9 at 2-6. Petitioner's prior federal habeas petition was dismissed as a mixed petition so that Petitioner could go back to state court to fully exhaust his claims before returning to this Court to present a new petition containing only fully exhausted claims. *See Boot v. Key*, C20-00943-RSM-BAT, Dkts. 15, 17. When Petitioner returned to state court shortly after his federal habeas petition was dismissed, Respondent argued, and the state courts agreed, that Petitioner's newly filed personal restraint petition was time-barred. *See* Dkt. 8, Exs. 13, 14, 16. Respondent argues here as well that Petitioner is now time-barred from pursuing federal habeas relief. *See* Dkt. 7.

Petitioner's allegations regarding the apparently inconsistent positions Respondent's counsel adopted in Petitioner's prior federal habeas proceeding and in his subsequent state court collateral review proceeding raise questions that warrant additional briefing, specifically with respect to whether Petitioner is entitled to equitable tolling of the federal limitations period.

In addition, the Court notes that Respondent asserted in his answer to Petitioner's petition that the instant petition would become moot once the Board issued a new decision in Petitioner's case. Dkt. 7 at 4 n.2. At the time the answer was filed on July 22, 2022, Petitioner's next regular parole hearing was scheduled for July 26, 2022. *See id*. Respondent advised the Court in his reply brief that Petitioner's Board hearing had been continued and that this prevented the petition from being moot "for now." Dkt. 10 at 1. This Court's review of the Board's Prison Hearings Schedule reveals that Petitioner's hearing was rescheduled for September 27, 2022. *See* https://www.doc.wa.gov/corrections/isrb/docs/prison-hearings.pdf (last visited October 7, 2022). It is unclear whether this hearing occurred, or whether the Board has yet to issue a new decision

ORDER DIRECTING PARTIES TO
SUBMIT SUPPLEMENTAL BRIEFING - 2

in Petitioner's case, but it appears that mootness could be an issue that now warrants further consideration by the Court.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Respondent shall file a supplemental brief, not later than **October 31, 2022**, addressing whether Petitioner is entitled to equitable tolling in this matter for the reasons discussed above. Respondent shall also advise the Court in his supplemental brief whether a new decision has been issued by the Board and how, if at all, that affects the viability of Petitioner's current federal habeas petition.

(2) Petitioner may file a response to Respondent's supplemental brief not later than **November 14, 2022**.

(3) Respondent's answer (Dkt. 7) is RE-NOTED on the Court's calendar for consideration on **November 18, 2022**. Respondent may file a reply brief by that date should he desire to do so.

(4) The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable Robert S. Lasnik.

DATED this 7th day of October, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DIRECTING PARTIES TO
SUBMIT SUPPLEMENTAL BRIEFING - 3