UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN L. BOOT, | Case No. C22-678-RSL-SKV |
| Petitioner, | |
| v. | ORDER ADOPTING REPORT & RECOMMENDATION |
| JAMES KEY, | |
| Respondent. | |

The Court, having reviewed petitioner's petition for writ of habeas corpus (Dkt. # 4), respondent's response to the petition (Dkt. # 7), the state court record (Dkt. # 8), petitioner's reply (Dkt. # 9), respondent's reply (Dkt. # 10), respondent's supplemental brief (Dkt. # 12), the Report and Recommendation of United States Magistrate Judge S. Kate Vaughan (Dkt. # 13), petitioner's late-filed objections (Dkt. # 17), and the remaining record, hereby finds and ORDERS:

(1) The Report and Recommendation is approved and adopted with the following clarifications:

    a. The R&R's analysis of equitable tolling notes that in circumstances like those presented here, the Ninth Circuit has held that "the petitioner is entitled to equitable tolling of the AEDPA statute of limitations from the date the mixed petition was dismissed until the date a new federal habeas petition is filed, assuming ordinary diligence." *Butler v. Long*, 752 F.3d 1177, 1181 (9th Cir. 2014) (quoting *Jefferson v. Budge*, 419 F.3d 1013, 1014 (9th Cir. 2005)).

Mechanically applying this language to petitioner's case would mean that petitioner's second, third, and fifth grounds for relief (for which the factual predicate was known on August 21, 2017) were barred by AEDPA's one-year statute of limitations, as petitioner's one-year deadline fell on July 20, 2020, several months *before* petitioner's first federal habeas petition was dismissed on December 29, 2020 (which, per the quoted language above, is the date on which equitable tolling begins). However, the Court recognizes that despite this seemingly clear language regarding the tolling period, the underlying facts of *Jefferson* (in which the Ninth Circuit found petitioner was entitled to equitable tolling) indicate that equitable tolling is warranted here. *See Jefferson*, 419 F.3d at 1015 n.2 (noting that "the one-year statute of limitations had run by" the date that petitioner's first federal habeas petition was dismissed); *id.* at 1017 n.4 (noting that "at the time the district court dismissed Jefferson's 2000 petition and entered judgment, the AEDPA statute of limitations had run"). Accordingly, the Court agrees with the R&R's conclusion as to equitable tolling.

    b. The citation in n.3 on page 17-18 is updated to "Dkt. # 8, Ex. 14 at 3 n.1, Ex. 16 at 1-2."

    c. The citation on page 22 to "28 U.S.C. § 2253(c)(3)" is updated to "28 U.S.C. § 2253(c)(2)."

(2) Petitioner's petition for writ of habeas corpus (Dkt. # 4) is DENIED, and this action is DISMISSED with prejudice.

(3) In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED.

(4) The Clerk is directed to send copies of this Order to petitioner, to counsel for respondent, and to the Honorable S. Kate Vaughan.

ORDER ADOPTING REPORT & RECOMMENDATION - 2

IT IS SO ORDERED.

DATED this 23rd day of January, 2023.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER ADOPTING REPORT &
RECOMMENDATION - 3